# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ELAINE W. MACK,           )
                          )
    Plaintiff,        )
                          )
v.                        )
                          )  CV616-130
NANCY A. BERRYHILL,[1]    )
Acting Commissioner of    )
Social Security,          )
                          )
    Defendant.        )

## **REPORT AND RECOMMENDATION**

Plaintiff Elaine Mack seeks judicial review of the Social Security Administration's denial of her application for Disability Insurance Benefits (DIB) and Supplement Security Income (SSI) benefits.

## I.   GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, and has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id*. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id*. § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id*. § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id*. § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[2] to perform her past relevant work. *Id*. § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational

---

[2] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

2

Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

## II. ANALYSIS

Mack, who was 46 years old when her DIB and SSI claims were denied, alleges disability beginning February 24, 2012. Tr. 237, 243. She attended high school up to the 10th grade and has past work experience as a poultry dressing worker. *Id.* at 54 & 57. After a hearing, the ALJ issued an unfavorable decision. *Id.* at 1-6, 12-21. He found that Mack's depression, anxiety, borderline intellectual functioning, cervical radiculopathy, obesity, and headaches constituted severe impairments but did not meet or medically equal a Listing. *Id.* at 14-16. Based on the evidence of record, the ALJ found that she retained the RFC for medium work,[3] except that she

> . . . is limited to performing simple, routine, repetitive tasks and can have no more than occasional interaction with the public, coworkers, and supervisors. [She] can have only infrequent workplace changes that are gradually introduced and cannot perform fast-paced production work. [She] is able

---

[3] Medium work is defined as work that involves lifting no more than 50 pounds at a time, with frequent lifting or carrying objects that weigh 25 pounds. 20 C.F.R. § 404.1567(c).

3

to maintain concentration for two-hour increments. Tr. 16.

Despite these restrictions, the ALJ determined Mack was capable of performing the requirements of representative occupations such as laundry worker I, hand packager, and industrial cleaner, all medium work with an SVP[4] of 2. Tr. 20. Hence, plaintiff was not disabled. *Id.* at 21. She disagrees, arguing that the ALJ erred in his evaluation of the medical evidence. Doc. 11.

Mack faults the ALJ's rejection of her treating physician Dr. Ivy Shuman. Doc. 11 at 5-7. "As a general rule, 'the opinions of examining physicians are given more weight than those of non-examining physicians, treating physicians are given more weight than those of physicians who examine but do not treat, and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists.'" *Black v. Colvin*, 2015 WL 7185506 at * 3 (S.D. Ga. Nov. 13, 2015) (quoting *McNamee v. Soc. Sec. Admin.*, 164 F. App'x 919, 923 (11th Cir. 2006), *adopted*, 2016 WL 296260 (S.D. Ga. Jan. 12, 2016)).

---

[4] Specific Vocational Preparation (SVP) is the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. DOT, App. C.

4

"The opinion of a treating physician, such as [Dr. Shuman], 'must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Phillips*, 357 F.3d at 1240 (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause "exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Id.* (cites omitted).

The ALJ rejected Dr. Shuman's opinion that Mack is totally unable to "work, volunteer, complete community service, or undergo even short-term technical training" because throughout her treating relationship with plaintiff she consistently "very explicitly found that [Mack] had no abnormalities." Tr. 19. "Her opinion that [plaintiff]'s mental limitations are so severe that she cannot work is entirely inconsistent with her own examination findings as well as the almost entirely normal examination findings of [Dr. John Whitley,] the consultative psychological examiner." *Id.* at 19.

5

Plaintiff contends that the ALJ failed to offer specific cites to the record to demonstrate the perceived inconsistencies between Dr. Shuman's clinical findings and observations and her ultimate opinion of total disability. Doc. 11 at 6. But even a cursory review of the record contradicts plaintiff's assessment: Dr. Shuman consistently found plaintiff's presentation unremarkable, yet concluded she was incapable of anything resembling work. *See, e.g.*, tr. at 494, 497, 503, 504, 697, 700, 702, 705 (consistently noting plaintiff's unremarkable appearance, behavior, speech, mood, affect, though process and content, cognition and orientation and lack of any suicidal ideation/plan); *see also id.* at 700 (noting plaintiff's unremarkable mental status *even when* under-medicated).

Plaintiff also contends the ALJ could not rely upon Dr. Whitley's examination findings, as he ultimately accorded only "some weight" to Dr. Whitley's opinion that Mack was capable of performing simple work and interacting with coworkers and the public in a predictable and appropriate manner. Doc. 11 at 6-7; *see* tr. at 19. But it is unclear just what plaintiff finds inconsistent here -- the ALJ explicitly rejected Dr. Whitley's *nonrestrictive* social and mental functioning assessment, finding

6

that Mack's "depressed and sad affect . . . would cause greater social limitations than opined by Dr. Whitley." Tr. at 19. He did not, however, reject Dr. Whitley's clinical findings and observations, which bolstered Dr. Shuman's exclusively normal findings and observations. *Compare id.* at 494, 497, 503, 504, 697, 700, 702, 705 (Dr. Shuman's consistently unremarkable clinical findings and observations) *with id.* at 369-74 (Dr. Whitley's observation of no abnormalities, save a mildly depressed affect that "would not preclude employment").

Plaintiff ultimately contends that because she is depressed and anxious, presenting with a sad, tearful, and depressed affect on occasion,[5] she must be unable to work. Doc. 11 at 6-7. But the mere fact that she has a diagnosis does not establish functional restrictions on her ability to complete a workday. *Moore*, 405 F.3d at 1213 n. 6 ("the mere existence of these impairments does not reveal the extent to which they limit her

---

[5] Plaintiff relies on nurses' and counselors' notes -- but neither professional is an "acceptable medical source" under the regulations, *see* 20 C.F.R. § 416.913(a) ("acceptable medical sources" include physicians, psychologists, and other medical professionals"), and are thus not considered in the same league as "acceptable medical sources." Social Security Regulation 06-03p; 20 C.F.R. §§ 404.1513(d) & 416.913(d). And all that is required of an ALJ regarding non-medical source evidence is that the evidence be considered. *See* 20 C.F.R. §§ 416.926, 416.926a, 416.927, 416.929. Here, the ALJ did so. Tr. at 18 (noting that while Mack "demonstrated a sad, tearful, or depressed affect on occasion, those findings were made by nurses or counselors and not acceptable medical sources and are accordingly less probative of [her] condition than the findings made by her treating licensed physician, Dr. Ivy Shuman.").

7

ability to work or undermine the ALJ's determination in that regard."). The ALJ was required to -- and appropriately did -- incorporate the mental functioning restrictions supported by the record[6] to determine plaintiff (1) could only perform simple, routine, and repetitive tasks; (2) could only have occasional contact with coworkers, supervisors, and the public; and (3) could only deal with gradual and infrequent workplace changes, two-hour increments of concentration, and no fast-paced production work. Tr. 16. Plaintiff has not demonstrated that these functional restrictions failed to adequately capture *all* of her mental limitations, nor that the ALJ erred by discounting Dr. Shuman's internally inconsistent, contradicted opinion of total disability.

## III. CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this

---

[6] ALJs are entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence, 20 C.F.R. §§ 416.927(d)(2), 946(c), based on the entire record, 20 C.F.R. §§ 404.1520(e) (ALJs "assess and make a finding about [the RFC] based on all the relevant medical and other evidence"), 416.945(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as witness testimony).

8

Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this __24th__ day of April, 2017.

/s/ JR Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA